719 F.Supp. 869 (1989)
COMMUNITY TITLE COMPANY OF ST. LOUIS, INC., Plaintiff,
v.
LIEBERMAN MANAGEMENT CO., et al., Defendants.
No. 89-1518C(1).
United States District Court, E.D. Missouri, E.D.
September 11, 1989.
James Herron, Richard Wunderlich, Lewis & Rice, St. Louis, Mo., for interpleader.
Gerald Rimmel, Susman, Schermer, Rimmel & Shifrin, Clayton, Mo., for Lieberman Management Co., et al.
*870 Bernard Barkin, Clayton, Mo., for Gen. Martin Rockmore.
Steven Poplawski, Gallop, Johnson & Neuman, St. Louis, Mo., for Terrance Hefty and Estate of Roswell Messing, Jr.
James Herron, Lewis, Rice & Fingersh, St. Louis, Mo., for Stewart Title.
Jeffrey Kalinowski, Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, Mo., for Gunther Kohn, Dr. and Mrs. Lawrence Kotner, Dr. and Mrs. Edward Cohen and Evelyn Puleo.
Lee Kline, Gartenberg & Kline, Clayton, Mo., for William Gartenberg and Orville Middendorf.
Kenneth Mallin, Coburn, Croft & Putzell, St. Louis, Mo., for Clarkson Square, Ltd., Clarkson Square Associates, Harold Lieberman and Alan Lieberman.
A. Fuller Glaser, Selner, Glaser & Komen, St. Louis, Mo., for Howard Cohen and Arnold Schwab.
James E. Hullverson, Hullverson, Hullverson & Frank, St. Louis, Mo., for James Hullverson and Thomas Hullverson.
Steven Korenblat, St. Louis, Mo., for Charles Knight.
Hugh Law, St. Louis, Mo., for Matthew Newman.

MEMORANDUM
NANGLE, Chief Judge.
This matter is now before the Court on plaintiff Community Title Company of St. Louis, Inc.'s, ("Community Title") motion to remand the action to state court.
Plaintiff/stakeholder Community Title originally filed this interpleader action in the Circuit Court of St. Louis County. Subsequently, defendants Lieberman Management Company, Clarkson Square Ltd., II, L.P., Clarkson Square Associates, L.P., Harold G. Lieberman and Alan L. Lieberman ("petitioners") removed the case to this Court. In their petition for removal, petitioners assert that this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1335(a) because the property in question is valued in excess of $500.00 and at least two adverse claimants are of diverse citizenship. Community Title has filed a motion to remand arguing: (1) that this action may not be removed under 28 U.S.C. § 1441; (2) that petitioners waived any right to removal by defending the action in state court; and (3) that petitioners' notice of removal is defective because all defendants did not join in the notice of removal. This memorandum will only address Community Title's first argument because, for the reasons set forth below, the Court concludes that this action was improvidently removed.
Section 1335 of Title 28 of the United States Code provides in pertinent part:
(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if
(1) Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; * * * (emphasis added).
In the case at bar, no question exists but that this action could have been brought originally in federal court. Community Title does not dispute that this interpleader action would satisfy the minimal diversity requirements of 28 U.S.C. § 1335. Section 1335, however, only extends this Court's original jurisdiction to embrace actions that correspond to those described in the federal interpleader statute. It does not provide authority to remove to federal court actions that were filed in state courts which could have originally been filed in federal *871 court. Rather, this Court must look to 28 U.S.C. § 1441 for the authority to remove an action from state court to federal court.
Section 1441 of Title 28 of the United States Code provides in pertinent part:
(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
The above-quoted passage sets forth the requirements regarding the citizenship of parties in order for an action to be removable under § 1441. This statute casts civil actions over which district courts have original jurisdiction into one of two categories: (1) cases based on the existence of a federal question; and (2) "any other" case over which district courts have original jurisdiction. When a federal question exists, the statute provides that an action is removable "without regard to the citizenship or residence of the parties." In all other cases over which district courts have original jurisdiction, the basic principles of diversity jurisdiction, including the requirement of "complete diversity", govern the removability of the action. 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3723 at 306-307 (1985). Petitioners in the case at bar do not dispute that there exists a lack of complete diversity between plaintiff and defendants in this case. Thus, in order for this action to be removable under § 1441, Community Title's cause of action must be based on the existence of a federal question.
Clearly no federal question exists in the case at bar. Community Title filed the instant interpleader action under Rule 52.07, Mo.R.Civ.P., and Mo.Rev.Stat. § 307.060, Missouri's statutory provisions governing interpleader, in order to determine the manner in which certain funds held by Community Title should be distributed among the defendants. Neither Community Title nor petitioners suggest that federal law will determine the proper method for distributing the funds in question. Rather, petitioners argue that because adverse claimants to an interpleaded fund have a right under 28 U.S.C. § 1335 to bring their dispute before a federal court, a federal question exists. This Court concludes, however, that § 1335 does not provide the type of substantive right requisite to the existence of federal question jurisdiction. The federal interpleader statute is jurisdictional. It simply grants district courts original jurisdiction over cases that fit the description provided in § 1335, and provides a forum in which adverse claimants to a fund can determine their rights in a single proceeding. In the instant case, however, Community Title availed itself of a similar forum provided by Missouri law. As such, this Court finds that it lacks authority in this case to divest plaintiff's chosen forum of jurisdiction.
Accordingly, Community Title's motion to remand will be granted.

ORDER
Pursuant to the memorandum filed herein this day,
IT IS HEREBY ORDERED that plaintiff's motion to remand be and is granted.
IT IS FURTHER ORDERED that this action be and is remanded to the Circuit Court of the County of St. Louis, State of Missouri.